UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>INVEST BETTER 2001,<br>COLE A. BARTIROMO, AND<br>JOHN AND JANE DOES 1-10,<br><br>　　　　　　　　　　　　　　　　Defendants. | 1:01-11427-LAP<br><br>**RESTRAINING NOTICE TO GARNISHEE – RADIUS BANK (FED. R. CIV. P. 69(a) AND NY CPLR 5222)** |

**TO:** 　**RADIUS BANK**
　　　　　One Harbor Street, Suite 201
　　　　　Boston, MA 02210

**RE:** 　**COLE A. BARTIROMO**

　　　　**WHEREAS** in an action in the United States District Court for the Southern District of New York, Docket Number 1:01-cv-11427-LAP, between the Securities and Exchange Commission, as Plaintiff, and Cole A. Bartiromo and Invest Better 2001, as Defendants, who are all the parties named in the action, a Judgment was entered on April 29, 2005 in favor of the Securities and Exchange Commission, as Judgment Creditor, and against Cole A. Bartiromo, as Judgment Debtor, for disgorgement in the amount of $47,216.00 of which approximately $44,618.24 plus $18,985 in postjudgment interest, totaling $63,603.25, remains unpaid, and a civil money penalty[1] of $1,273,731.00, of which approximately $837,862.56 plus $356,510.59 in postjudgment interest, totaling $1,194,373.15, remains unpaid.

　　　　**WHEREAS**, it appears that you owe a debt to the Judgment Debtor, and/or are in possession or control of property in which the Judgment Debtor has an interest, to wit, accounts in the name of Cole A. Bartiromo, including Account No. ▇▇▇▇▇▇641.

---

[1] The civil money penalty is not being enforced pursuant to this Restraining Notice.

**TAKE NOTICE** that pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.

**TAKE FURTHER NOTICE**, that this notice also covers all property in which the Judgment Debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to such Judgment Debtor.

### NEW YORK CIVIL PRACTICE LAW AND RULES

5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money

belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as a contempt of court.**

### NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.  YOU MAY BE ABLE TO GET YOUR MONEY BACK.  State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt: 1. Supplemental security income, (SSI); 2. Social security; 3.Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5.   Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans benefits; 10. Ninety percent of your wages or salary earned in the last sixty days; 11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments; 12. Railroad retirement; and 13. Black lung benefits.  If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice. Also, **YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY**. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated:   New York, New York
         December 13, 2017

_____
ELIZABETH REILLY GOODY
Senior Counsel
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, New York 10281-1022
Tel.:   212-336-0569
E-mail:goodye@sec.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,   1:10-11427-LAP

                              Plaintiff,

- against -

INVEST BETTER, 2001,
COLE A. BARTIROMO, and
JOHN AND JANE DOES 1-10,

                             Defendants.   **EXEMPTION NOTICE AS REQUIRED BY NEW YORK LAW (NY CPLR § 5222-a)**

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff - Judgment Creditor,

- against -

COLE A. BARTIROMO,

                       Defendant - Judgment Debtor,

- and -

RADIUS BANK,

                                 Garnishee.

# EXEMPTION NOTICE
## as required by New York Law

**YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"**

      The attached Restraining Notice or Notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is the court's decision that you owe money to a creditor. You should be aware that

FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment.  If the judgment is vacated, your bank account will be released.  Consul an attorney (including free legal services) or visit the Court Clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment.  Such money is said to be "exempt."

**DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?**

1. Social security;
2. Social security disability (SSD);
3. Supplementary security income (SSI);
4. Public assistance (welfare);
5. Income earned while receiving SSI or public assistance;
6. Veterans benefits;
7. Unemployment insurance;
8. Payments from pensions and retirement accounts;
9. Disability benefits;
10. Income earned in the last 60 days (90% of which is exempt);
11. Workers' compensation benefits;
12. Child support;
13. Spousal support or maintenance (alimony);
14. Railroad retirement; and/or
15. Black lung benefits.

If YES, you can claim that your money is exempt and cannot be taken.  To make the claim you must

(a)   complete the EXEMPTION CLAIM FORM attached;

(b)   deliver or mail the form to the bank with the restrained or "frozen" account; and

(c)   deliver or mail the form to the creditor or attorney at the address listed on the form.

You must send the forms within 20 DAYS of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement of your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditor's attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,   1:10-11427-LAP

                        Plaintiff,

- against -

INVEST BETTER, 2001,
COLE A. BARTIROMO, and
JOHN AND JANE DOES 1-10,

                        Defendants.   **EXEMPTION CLAIM FORM (NY CPLR § 5222-a)**

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff - Judgment Creditor,

- against -

COLE A. BARTIROMO,

                        Defendant - Judgment Debtor,

- and -

RADIUS BANK,

                        Garnishee.

## EXEMPTION CLAIM FORM

| **Name and address of judgment creditor or attorney**<br>*To be completed by judgment creditor or attorney.* | **Name and address of financial institution**<br>*To be completed by judgment creditor or attorney* |
|---|---|
| **Address A** | **Address B** |
| Elizabeth Reilly Goody, Senior Counsel<br>Securities and Exchange Commission<br>New York Regional Office<br>200 Vesey Street, Room 400<br>New York, New York 10281-1022 | RADIUS BANK<br>One Harbor Street, Suite 201<br>Boston, MA 02210 |

Directions:  To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself.  Mail or deliver one form to **Address A** and one form to **Address B** within twenty days of the date on the envelope holding this notice.

** If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies or checks or bank records showing the last two months of account activity, include copies of the documents with this form.  Your account may be released more quickly.

- 3 -

I state that my account contains the following type(s) of funds (*check all that apply*):

| | | | |
|---|---|---|---|
| ☐ | Social security | ☐ | Income earned in the last 60 days (90% of which is exempt) |
| ☐ | Social security disability (SSD) | | |
| ☐ | Supplemental security income (SSI) | ☐ | Child support |
| ☐ | Public assistance | ☐ | Spousal support or maintenance (alimony) |
| ☐ | Wages while receiving SSI or Public Assistance | ☐ | Worker's compensation |
| ☐ | Veterans benefits | ☐ | Railroad retirement or black lung benefits |
| ☐ | Unemployment benefits | ☐ | Other (describe exemption): |
| ☐ | Payments from pensions and retirement accounts | | |

I request that any correspondence to me regarding my claim be sent to the following address:
*Fill in your complete address.*




**I certify under penalty of perjury that the above statement is true to the best of my knowledge and belief.**

Date:

_____
Signature of Judgment Debtor

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>- against -<br><br>INVEST BETTER, 2001,<br>COLE A. BARTIROMO, and<br>JOHN AND JANE DOES 1-10,<br><br>                                    Defendants. | 1:10-11427-LAP<br><br>**CERTIFICATE OF SERVICE** |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                Plaintiff - Judgment Creditor,<br><br>- against -<br><br>COLE A. BARTIROMO,<br><br>                                Defendant - Judgment Debtor,<br><br>- and -<br><br>RADIUS BANK,<br><br>                                Garnishee. | |

      I, Elizabeth Reilly Goody, mailed by U.S. First Class Mail (receipt no. 7016 0750 0001 0972 9350) (1) a restraining notice, (2) an exemption claim form pursuant to NY CPLR § 5222-a, and (3) an exemption notice as required by New York law, NY CPLR § 5222-a to **RADIUS BANK** One Harbor Street, Suite 201 Boston, MA 02210

Dated:      New York, New York
               December 14, 2017

                                                    _/s/ Elizabeth Goody_____
                                                  ELIZABETH REILLY GOODY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                        Plaintiff,<br><br>- against -<br><br>INVEST BETTER, 2001,<br>COLE A. BARTIROMO, and<br>JOHN AND JANE DOES 1-10,<br><br>                                        Defendants. | 1:10-11427-LAP<br><br><br><br><br><br><br><br><br>**CERTIFICATE OF SERVICE** |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff - Judgment Creditor,<br><br>- against -<br><br>COLE A. BARTIROMO,<br><br>                        Defendant - Judgment Debtor,<br><br>- and -<br><br>RADIUS BANK,<br><br>                                        Garnishee. | |

    I, Elizabeth Reilly Goody, mailed by U.S. First Class Mail (receipt no. 7016 0750 0001 0972 9404) (1) two copies of the restraining notice, (2) two copies of the exemption claim form pursuant to NY CPLR § 5222-a, and (3) an exemption notice as required by New York law, NY CPLR § 5222-a to **RADIUS BANK** One Harbor Street, Suite 201 Boston, MA 02210

Dated:        New York, New York
                December 18, 2017

                                                        _____
                                                        ELIZABETH REILLY GOODY